UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAYLESS SHOESOURCE, INC., a Missouri corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 12 C 4159 |
| DIMUCCI DEVELOPMENT CORPORATION OF CICERO II, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Plaintiff Payless ShoeSource, Inc. ("Payless") for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted.

BACKGROUND

The following facts are derived from the parties' respective statements and exhibits filed pursuant to Northern District of Illinois Local Rule 56.1. The Court reviews each Local Rule 56.1 statement and disregards any argument, conclusion, or assertion unsupported by the evidence in the record. Payless, a Missouri corporation with its principal place of business in Kansas, operates retail stores that sell shoes and related accessories. Defendant DiMucci Development Corporation of Cicero II

("DiMucci") is an Illinois corporation with its principal place of business in Illinois. On October 27, 2003, Payless and DiMucci entered into a lease (the "Lease") under which Payless agreed to rent 4,000 square feet of space in the Cicero Marketplace Shopping Center (the "Shopping Center") in Cicero, Illinois.

In addition to the required rent payments, the Lease also calls for Payless to pay a proportionate share of DiMucci's expenses for: (i) common area maintenance ("CAM"); (ii) real estate taxes ("Taxes"); and (iii) insurance ("Insurance") (collectively "Pass-Through Expenses"). Section 9.03 of the Lease ("Section 9.03") defines Payless's obligation with respect to Taxes. According to Section 9.03, Payless will pay DiMucci monthly estimates of Taxes, and the two sides then will reconcile any differences at the end of each year as specified in the lease ("Lease Year"). Specifically, within ninety days of the end of each Lease Year, DiMucci is required to submit an invoice containing the amount that Payless owes in Taxes, and Payless must remit any unpaid Taxes within thirty days of receipt of the invoice. If Payless has overpaid any Taxes, DiMucci must deduct this overpayment from future charges for Taxes.

Payless is obligated to pay Taxes in a proportionate share, and this share is determined pursuant to Section 7.02 of the Lease ("Section 7.02"). According to Section 7.02, Payless's proportionate share of Taxes consists of the space which it leases (4,000 square feet) divided by the gross leasable floor area of the Shopping Center (37,771 square feet) (approximately 10.59%). The proportionate share of

Taxes is limited by a tax cap (the "Tax Cap"). According to the Tax Cap, the proportionate share may not exceed the lesser of: (i) actual increases in the taxes; or (ii) 105% of Payless's proportionate share of Taxes for the preceding Lease Year. The Tax Cap also limits Payless's proportionate share to $20,000 during the first Lease Year.

Payless has for several years disputed the proportionate share of Taxes charged by DiMucci. When DiMucci threatened to commence eviction proceedings against Payless for unpaid Taxes, Payless remitted under protest the amount that DiMucci demanded. On May 30, 2012, Payless filed a two count first amended complaint against DiMucci. Count I alleges breach of contract with respect to the Lease in that DiMucci allegedly overcharged for Pass-Through Expenses. Count II seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 pertaining to a provision of the Lease that is unimportant for purposes of the instant motion. On June 19, 2013, Payless filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 regarding the breach of contract claim. Payless does not seek adjudication of issues regarding CAM or Insurance charges; rather, the instant motion pertains solely to the Taxes. Payless seeks: (i) damages in the principal amount of $72,979.14; (ii) prejudgment interest; (iii) costs; (iv) expenses; and (v) attorneys' fees.

LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial. *Id.* at 325. The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with documentary evidence. *Id.* A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court construes all facts and draws all reasonable inferences in favor of the non-movant. *United States v. King-Vassel*, 728 F.3d 707, 711 (7th Cir. 2013).

## DISCUSSION

Payless contends that DiMucci has breached the Lease according to its plain language because DiMucci has charged Payless for Taxes in an amount that exceeds that which is permitted by the Tax Cap. DiMucci does not dispute that the Lease is a binding contract or that the Court can interpret the Lease as a matter of law. DiMucci does, however, aver that it has not overcharged Payless but rather that it has undercharged Payless in the amount of $9,901.87 since 2004, the first year that Payless rented from DiMucci and incurred obligations with respect to payment of Taxes.

Payless calculated its alleged damages based upon the assumption that the invoices submitted by DiMucci regarding the specific amount of Payless's proportionate share of the Taxes were correct. DiMucci now claims that it mistakenly billed Payless for less in Taxes than Payless owed. The error arose, according to DiMucci, because another tenant, OfficeMax, who leased a different part of the Shopping Center paid 100% of the Taxes on its portion instead of a proportionate share like Payless had agreed to pay. Thus, DiMucci claims that it erroneously deducted the amount of Taxes paid by OfficeMax from the invoices that it sent to Payless, and Payless was able to avoid paying the extra Taxes that Section 7.02 requires it to pay. This is because, according to DiMucci, Section 7.02 mandates that Payless pay Taxes in a proportionate share, which is determined by the amount of space that Payless leases divided by the gross amount of floor space in the Shopping Center. It is immaterial, DiMucci posits, that OfficeMax agreed to pay its Taxes for all of the floor space that it leased, as OfficeMax's agreement did not alter the plain language of the Lease regarding the manner of calculating the Taxes owed by Payless. Furthermore, DiMucci asserts, no provision of the Lease prohibits it from seeking Taxes that Payless owes, unlike a one-year limitation with respect to CAM charges contained in the Lease.

Having carefully read the Lease, the Court must reject DiMucci's arguments. Section 9.03 requires that Payless reimburse DiMucci in a proportionate share for all Taxes "paid by landlord." In its response to Payless's interrogatories, DiMucci

indicated that OfficeMax had paid the Taxes for its share of the Shopping Center and not that DiMucci had paid the Taxes. In its response to the instant motion, DiMucci has submitted the declaration of Lynn Kennedy ("Kennedy"), stating that DiMucci paid the Taxes. The Court is unable to discern why there is a contradiction between the declaration and the sworn answers to Payless's interrogatories. The Court thus accepts for the purposes of the instant motion DiMucci's answers to Payless's interrogatories indicating that OfficeMax paid the Taxes. *See Broaddus v. Shields*, 665 F.3d 846, 855-56 (7th Cir. 2012) (later declaration cannot contradict prior sworn deposition testimony without sufficient explanation). According to the plain language of the Lease, therefore, the Taxes with respect to OfficeMax do not entitle DiMucci to reimbursement because they were not "paid by [DiMucci]."

Even if the Court were to accept Kennedy's declaration and DiMucci had adopted its current position (that Payless must reimburse DiMucci for the Taxes that OfficeMax ultimately paid) in the beginning of the instant litigation, the interpretation of the Lease that DiMucci now propounds is an absurd one. "A contract should be construed to avoid absurd results." *Bd. of Educ. v. Orbach*, 991 N.E.2d 851, 857 (Ill. App. Ct. 2013) (citation omitted). Were the Court to construe the Lease as DiMucci suggests, DiMucci would receive reimbursement from Payless for Taxes for which OfficeMax had already reimbursed DiMucci. It is unfathomable that a reasonable party would enter into an agreement under which it would be required to reimburse

another for costs for which the other party had already been reimbursed.  The Court must, therefore, reject DiMucci's interpretation of the Lease.

DiMucci has not disputed Payless's calculation of damages beyond the arguments that the Court has already addressed.  DiMucci also offers no other justification for its having charged in excess of the Tax Cap.  As such, the Court grants summary judgment to Payless with respect to its breach of contract claim in the principal amount of $72,979.14.

## CONCLUSION

For the foregoing reasons, Payless's motion for partial summary judgment is granted in the principal amount of $72,979.14.

_____
Charles P. Kocoras
United States District Judge

Dated: _____
November 18, 2013